FIGLEY, APPELLANT, v. CITY OF SALEM, APPELLANT; BURGESS & NIPLE, LIMITED ET AL., APPELLEES.

(No. 1129—Decided November 10, 1977.)

*Mr. David Barry Dickson*, for appellant.
*Mr. Scott McCorkhill*, for appellant the city of Salem.
*Mr. Lawrence Springer* and *Mr. William Clark*, for appellee Burgess & Niple, Limited.
*Mr. Joseph P. Sontich*, for appellee United States Fidelity and Guaranty Co.
*Mr. Larry M. Dickey*, for Mary Lou Figley.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Columbiana County.

Plaintiff-appellant, Francis E. Figley, doing business as Francis E. Figley Contracting Company, filed a complaint against the city of Salem and Burgess & Niple, Limited, Engineers, alleging that plaintiff entered into a contract with Salem to construct a sewer for the city, Burgess & Niple being the engineers for the city on the project. Briefly, the complaint alleges that the city of Salem failed to pay the plaintiff-appellant for the work he had done and for which Salem had promised to pay. Burgess & Niple answered by way of a general denial and alleged a breach of contract on the part of the appellant, to which appellant filed his reply. The city of Salem answer-

ed and moved to amend its answer to include plaintiff-appellant's bonding company, United States Fidelity and Guaranty Company (U. S. F. & G.), as a defendant. The motion was granted and the city of Salem filed its counter-claim alleging a breach of contract against the plaintiff-appellant and a third-party complaint against U. S. F. & G. U. S. F. & G. counterclaimed against plaintiff and defendant Mary Lou Figley, a joint obligor with plaintiff on his bond.

Prior to trial, the court severed the action of U. S. F. & G. against the Figleys, and the case went to trial to a jury on the complaint of the plaintiff-appellant, together with the counterclaim and third-party complaint of the city of Salem.

At the conclusion of the plaintiff's evidence, upon a motion for a directed verdict made by the city of Salem, the court found not only that the motion should be sustained, but that the other actions pending before it should also be dismissed and, therefore, dismissed the action of the plaintiff againt the city of Salem and Burgess & Niple, Limited, on the merits, as well as dismissing the counterclaim of the city of Salem against the plaintiff-appellant, and U. S. F. & G. and the U. S. F. & G. counterclaim against plaintiff and third-party defendant Mary Lou Figley, also on the merits. A subsequent motion for a new trial filed by the appellant, as well as a motion filed by U. S. F. & G. to correct the judgment were overruled, and the appellant, as well as the city of Salem, and U. S. F. & G., have filed appeals in this court.

The action that precipitated the dismissals in the manner stated was a motion filed by the city of Salem pointing out to the court that paragraph 21 of the contract provides that if a dispute arises between the parties, it shall be submitted to arbitration. However, the motion was requested in the form of a directed verdict which was sustained, thus posing a question whether the trial court is ruling on the merits as well as the fact that its dismissal was by virtue of the arbitration provision. A reading of the record indicates that the trial court's dismissals were

based on the arbitration provision, the court citing extensive case law approving arbitration provisions and as authority for arbitration before litigation. However, as to the motions for a new trial and a clarification of the judgment entry, the record states:

"Mr. Sontich: Allright—so, what you're saying then, if I understand you, that those—all the rights have been terminated, insofar—as those claims—

"The Court: On the merits."

All of the parties in the law suit are concerned in this appeal with whether or not they are faced with a dismissal on the merits of their particular actions and counter-actions, for in fact if the judge so ruled this would be a dismissal with prejudice. On the other hand, the court's discussion in the record indicates that the primary dismissal was for the reason of the arbitration clause in the contract. The dilemma that is now faced by the parties herein is that if in fact that matter was dismissed on the merits as indicated by the judgment entries the issues involved therein would become *res judicata*. How then can an arbitration decision be of any validity in the face of a court judgment against the parties affected? In defining the issue as presented by this appeal the following questions arise: If the trial court is faced with a motion for dismissal because of an arbitration agreement, must the court first decide the issue of whether or not it would have jurisdiction to proceed? Secondly, if a question of jurisdiction arises, can the trial court consider the merits of the case along with the question of jurisdiction? It would appear that the answer to the second question is no.

In *Arrowsmith* v. *United Press International* (C. A. 2, 1963), 320 F. 2d 219, paragraphs one and two of the headnotes state:

"1. Where grounds for motion to dismiss included lack of personal jurisdiction, improper venue, and failure of complaint to state claim upon which relief could be granted, court should have passed on jurisdiction and venue issues, in that order, before considering whether claim was stated.

"2. A dismissal for lack of jurisdiction or improper

venue does not preclude subsequent action in appropriate forum; but dismissal for failure to state claim upon which relief can be granted is with prejudice.''

Although the fact situation in *Arrowsmith* is not identical with the instant case, the procedure in question is and thus provides enlightment as to the steps that the trial court should have followed.

As to the question of whether or not the trial court should consider jurisdiction first because of the arbitration agreement, Ohio has enacted arbitration statutes R. C. 2711.01 *et seq.* See specifically R. C. 2711.01 and 2711.03. R. C. 2711.01 in pertinent part states:

''A provision in any written contract, except as hereinafter provided, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or thereafter arising, from a relationship then existing between them or which they simultaneously create, *shall be valid, irrevocable, and enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract.'' (Emphasis added.)

Further, R. C. 2711.03 provides that the party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any Court of Common Pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in the agreement.

In *Goldman* v. *Bd. of Edn.* (1965), 5 Ohio App. 2d 49, the court therein held that an agreement to submit to arbitration was valid, irrevocable, and enforceable. The court therein stated that the tenor of the arbitration statutes in Ohio and the decisions thereunder is the avoidance of lengthy and long drawn-out litigation.

Further on this question of jurisdiction, 5 American Jurisprudence 2d 550, Arbitration and Award, Section 41, states:

''* * * Under such a provision, if the parties agree on

an arbitrator and to abide by his decision, neither of them, without the other's consent, may, in the absence of fraud or some other ground for rescinding the contract, withdraw the question of performance from the arbitrator for the purpose of referring it to a court or jury. * * *"

1 Restatement of Conflicts of Laws 2d 721, Section 219A (1971), states:

"* * * On the other hand, the forum will look to its own local law to determine what method, or methods, it should adopt to aid in the enforcement of the arbitration agreement. So the forum will apply its own local law in determining whether to stay or to dismiss an action brought in violation of an arbitration agreement that is irrevocable under the applicable law. * * *"

Therefore, the trial court should have considered first whether or not to dismiss on the question of jurisdiction or it may have proceeded as outlined in R. C. 2711.02:

"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

We hold that the trial court is not free to make a merit decision without first deciding correctly that it does have jurisdiction.

We, therefore, reverse the judgment of the trial court with directions to vacate the merit decision and substitute with a jurisdiction dismissal or in the alternative a stay of proceedings as to all interconnected (Civ. R. 13(A)) compulsory counterclaims and third-party claims.

*Judgment reversed.*

O'NEILL, P. J. and LYNCH, J., concur.