**WEAVER WORKSHOP & SUPPORT ASSOCIATION, Appellant,**

v.

**SUMMIT COUNTY BOARD OF MENTAL RETARDATION
& DEVELOPMENTAL DISABILITIES, Appellee.**

[Cite as *Weaver Workshop & Support Assn. v. Summit Cty. Bd. of Mental
Retardation & Dev. Disabilities* (1991), 71 Ohio App.3d 560.]

Court of Appeals of Ohio,
Summit County.

No. 14789.

Decided March 27, 1991.

*Ronald G. Macala* and *Randall Vehar,* for appellant.

*James D. Kurek,* for appellee.

BAIRD, Judge.

In this appeal we address the question of whether the Summit County Court of Common Pleas had jurisdiction to review an arbitrator's award. Concluding that the trial court improperly dismissed the action, we reverse and remand for further proceedings.

Pursuant to a collective bargaining agreement, plaintiff-appellant, Weaver Workshop & Support Association ("Association"), initiated binding arbitration proceedings with defendant-appellee, Summit County Board of Mental Retardation and Developmental Disabilities ("board"), alleging that one of its members was unfairly denied a full-time position. In a written entry dated October 11, 1989, the arbitrator resolved that the grievant should be awarded the position sought with back pay.

A dispute quickly arose between the parties over the proper interpretation of the arbitrator's award. This conflict was fueled by what appear to be typographical errors in the entry. The Association filed a complaint to confirm the arbitration award on April 23, 1990. The board answered and maintained, among other things, that the court lacked subject matter jurisdiction over these claims.

The Association then filed a motion to confirm the award and, in the alternative, either correct the errors in the arbitrator's entry or remand for further proceedings. This request was opposed by the board in a written memorandum.

On August 28, 1990, the trial court dismissed the complaint for lack of jurisdiction. The judge reasoned that the Association's action must be brought under R.C. 2711.11, which authorizes modification of arbitration awards. Since the complaint was not filed within the three-month period specified by R.C. 2711.13, the court felt compelled to enter the dismissal. This appeal follows.

### Assignment of Error I

"The trial court erred in finding that it did not have jurisdiction to confirm the arbitration award."

R.C. Chapter 2711 authorizes judicial enforcement of written arbitration agreements. The jurisdiction of courts to review such awards is narrow and limited pursuant to legislative decree. *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 227, 480 N.E.2d 456, 459. Arbitration is favored in law and such proceedings will be upheld absent statutory directives to the contrary. *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App.3d 59, 61, 24 OBR 113, 114, 493 N.E.2d 270, 273;

*Russo v. Chittick* (1988), 48 Ohio App.3d 101, 104–105, 548 N.E.2d 314, 317–318.

■ A trial court may, under specified circumstances, modify an arbitration award by authority of R.C. 2711.11. Pursuant to R.C. 2711.13, such motions must be brought within three months of the arbitrator's decision. *D'Andrea v. American Postal Workers Union* (C.A.6, 1983), 700 F.2d 335, 337. Since a timely request to modify was never filed in this case, the arbitrator's award must be dealt with, if at all, as is.

The trial court concluded incorrectly, however, that modification was the only option available to the Association. R.C. 2711.09 provides that:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

■ The Association's complaint was filed in the trial court well within the one-year period specified. By its express terms, the three-month limitation contained in R.C. 2711.13 does not apply to requests to confirm. Since there was no valid attempt to vacate, modify, or correct the award, the court was obliged to confirm the arbitrator's decision. *Warren Edn. Assn., supra,* syllabus; *Russo, supra,* 48 Ohio App.3d at 104, 548 N.E.2d at 317. The mere fact that the award might contain typographical errors or ambiguities does not require a different result.[1]

In its brief, the board repeatedly accuses the Association of "dressing up" what was actually an attempt to modify the award as an application to confirm. This characterization is meritless. The complaint filed on April 23, 1990 is captioned: "Complaint and motion to confirm arbitration award." The prayer specifically requests confirmation and cites R.C. Chapter 2711. In response, the court issued a notice of a confirmation hearing on April 24, 1990. The Association's motion of July 9, 1990 again sought confirmation and mentioned modification of the typographical errors merely as an alternative remedy. The judgment entry appealed from itself recognizes that an applica-

---

1. We note that mere clerical mistakes may be corrected by the trial court at any time. Civ.R. 60(A).

tion to confirm was pending. Accordingly, R.C. 2711.09 was properly invoked and the Association was entitled to confirmation of the arbitrator's award.

The assignment of error is sustained.

### Assignments of Error

"II. The trial court erred by failing to address whether the award, once confirmed and enforced, had been complied with by the Board.

"III. The trial court erred (A) by failing to enforce the award to the extent that the award was not too vague and uncertain, (B) by failing to remand the remainder to the arbitrator, and/or (C) by failing to decide the rate of pay issue itself."

These related assignments of error may be resolved jointly. Having erroneously concluded that it did not enjoy subject matter jurisdiction over this action, the trial court did not reach the questions of compliance and enforcement. We therefore remand this case so that a judgment may be entered pursuant to R.C. 2711.12. This entry may then be enforced as would a judgment in any other action. R.C. 2711.14; see 6 Ohio Jurisprudence 3d (1978) 75, Arbitration and Award, Section 76.

These assignments of error are overruled.

The judgment of the trial court is reversed. By authority of App.R. 12(B), the arbitrator's award of October 11, 1989 is confirmed in accordance with R.C. 2711.09. This case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

VICTOR, J., concurs.

QUILLIN, P.J., concurs in judgment and opinion except as to footnote 1.

WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, sitting by assignment.