CARDEN et al. Appellants,

v.

MIAMI HARDWARE AND APPLIANCE COMPANY, INC., Appellee.

[Cite as *Carden v. Miami Hardware & Appliance
Co., Inc.* (1996), 113 Ohio App.3d 220.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15783.

Decided Aug. 2, 1996.

*Edward L. Clark,* for appellants.

*John W. Slagle,* for appellee.

---

WILSON, Judge.

On June 17, 1991, the plaintiff-appellant, Elva B. Carden, was seriously injured when she slipped and fell in the store of the defendant-appellee, Miami Hardware and Appliance Company, Inc.

Carden filed a complaint seeking damages for her injuries. Thereafter, Carden's daughter, Crystal C. Carden, was named a party plaintiff in an amended complaint alleging her claim for loss of consortium.

The issues of liability and damage were separately tried. A jury found that the slip and fall was caused proximately and exclusively by the negligence of the defendant. Thereafter, the parties entered into a binding arbitration agreement to have the majority of three arbitrators determine the amount of the damages proximately caused by the slip and fall.

On November 20, 1995 a majority of the arbitrators awarded compensatory damages to Elva Carden in the amount of $950,000 and compensatory damages to Crystal Carden in the amount of $15,000.

The defendant's insurance carrier timely tendered checks to the plaintiffs in the amount of the awards. The plaintiffs refused to endorse the checks because the checks contained restrictive endorsements which released the defendant from plaintiffs' claims for prejudgment interest. The parties thereafter agreed that the checks could be cashed by the plaintiffs releasing all of their claims against the defendant except their claims for prejudgment interest.

The arbitration agreement did not mention prejudgment interest. It did, however, require the arbitrators to award plaintiffs "all damages that claimants are legally entitled to recover from the defendant * * * under Ohio law."

The agreement also required that all proceedings in the court action be stayed pending the arbitration and that "at the conclusion of the arbitration proceedings, and payment in full of the arbitration award, said action shall be dismissed with prejudice."

Section twelve stated: "This agreement shall be subject to the provisions of Chapter 2711 of the Ohio Revised Code."

On November 21, 1995, the day after the arbitration awards were made, the plaintiffs filed a motion to reopen the case, to confirm the arbitration awards and to enter judgment in the amount of the awards. In a second motion, filed the same date, the plaintiffs moved for prejudgment interest and requested a hearing.

The trial court overruled both motions in an entry filed February 12, 1996.

The plaintiffs filed a timely notice of appeal from the entry. There are two assignments of error. The first is:

"The trial court erred in refusing to confirm plaintiffs' arbitration award and reduce it to judgment."

■ The trial court found that "the agreement to arbitrate encompassed all forms of damages, including prejudgment interest," and that the awards were paid in full in accordance with the arbitration agreement.

■ Prejudgment interest is a form of compensatory damages. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. However, R.C. 1343.03(C) makes clear that prejudgment interest is not part of the compensatory damages usually determined by the trier of fact. This statute provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, *if upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action* that the party required to pay the money failed to make a good faith effort to

settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." (Emphasis added.)

It follows that persons who submit tort claims to arbitration would not usually expect arbitrators to determine prejudgment interest issues.

■ We disagree with the trial court that the arbitration agreement encompassed prejudgment interest claims. The rule for prejudgment interest should be the same without regard to whether the trier of fact is a jury or an arbitration panel, absent clear language in the arbitration agreement that prejudgment interest claims are not being pursued.

R.C. 2711.09 provides:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. *Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected* as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)

R.C. 2711.12 states:

"Upon the granting of an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding, *the court must enter judgment in conformity therewith.*" (Emphasis added.)

■ The language of these sections is mandatory, and courts lack the discretion to deny a proper request to confirm an arbitration award. *Woods v. Farmers Ins. of Columbus, Inc.* (1995), 106 Ohio App.3d 389, 391–392, 666 N.E.2d 283, 285.

The first assignment of error is sustained.

The last assignment of error provides:

"The trial court erred in refusing to set a prejudgment interest hearing pursuant to R.C. 1343.03(C), or to refer the issue back to the arbitration panel."

■ We agree with the plaintiffs that the trial court should have set a prejudgment interest hearing.

We reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

BROGAN, P.J., and WOLFF, J., concur.

RICHARD K. WILSON, J., retired, of the Second Appellate District, sitting by assignment.