This is an appeal by Applicant-Appellant, Land and Lake Development, Inc. (hereinafter "Land Lake") from the judgment of the Common Pleas Court of Defiance County confirming in part and modifying in part an arbitrator's award.
This case stems from a construction project of certain commercial real property. Venture Properties I, LLC, (hereinafter "Venture") the owner of said property and project, contracted with Lee Corporation (hereinafter "Lee") to be the general contractor for the construction. Lee subsequently subcontracted with Land Lake to perform a certain portion of Lee's construction work. Land 
Lake subsequently "sub-subcontracted" with Fort Defiance Construction (hereinafter "Fort Defiance") to perform a certain portion of Land Lake's construction work. Disputes apparently arose concerning the construction project and Land Lake and Fort Defiance placed mechanic's liens on the property. The disputes of the various parties were referred to arbitration.
On November 24, 1997, the arbitrator issued an Arbitrator's Findings and Award. Among other things, the award granted damages in favor of Land Lake against Lee. In relevant part, the Award provided:
* * *
 5. Lee shall pay Land Lake $55,380.50 plus interest of 10% from March 1, 1996. Land Lake shall secure lien releases from Fort Defiance Construction
* * *
On December 15, 1997, Land Lake filed an Application for Confirmation of Award against Lee seeking confirmation and interest at the rate of ten percent (10%) per annum from March 1, 1996. On May 1, 1998, Lee filed a Response to Land Lake's Application.
On November 16, 1998, Lee filed an Application for an Order Confirming Award, pursuant to R.C. Chapter 2711, against Venture. On that same day, Lee was granted leave to join Venture as a party and to consolidate the proceedings. On January 14, 1999, the trial court ordered all of the parties to submit briefs limited to the issue of interest in the context of arbitration awards. Finally, on June 2, 1999, following consideration of the respective briefs, the trial court issued a judgment entry. In relevant part, the judgment entry provides:
* * *
 Without reiterating here all the various positions taken by the parties, it is apparent to the undersigned that Lee is essentially uninvolved to the disputes involving Land Lake, Venture and Fort Defiance. It is further apparent that Land Lake has, from the outset, been in a position to resolve the pending disputes by obtaining the required releases or entering an escrow arrangement. * * *These circumstances, in light of the actions and inaction of Venture, Land and Lake and Fort Defiance require the following conclusions:
* * *
 (2) Land Lake is entitled to confirmation of the arbitrator's award in the sum of Fifty-five Thousand Three Hundred Eighty and 50/100 Dollars ($55,380.50). However, owing to the circumstances, Land and Lake is not entitled to interest on such award due to its failure to secure and provide the requisite lien releases.
It is from this judgment entry that Land Lake now appeals, assigning one assignment of error:
 The trial court erred in altering the arbitration award granted in this matter without just cause to do so by denying the inclusion of pre-award interest in Appellant's arbitration award.
O.R.C. Chapter 2711 et seq establishes arbitration procedures generally. This Chapter authorizes, inter alia, judicial enforcement of an arbitration award. R.C. § 2711.09 governs the application for an order confirming, vacating, modifying, or correcting an arbitrator's award. Section 2711.09 provides in pertinent part as follows:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award.
 Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. (Emphasis added.)
"* * * Once an arbitration subject to R.C. Chapter 2711 is completed, the jurisdiction of the common pleas court is limited to confirmation, vacation, modification or enforcement of the award and only on terms provided by statute, i.e., R.C. 2711.09,2711.10, 2711.12, 2711.13 and 2711.14. Lockhart v. American Res.Inc. Co. (1981), 2 Ohio App.3d 99, 440 N.E.2d 1210. Thus, * * * absent a motion to modify, vacate, confirm or enforce, the court of common pleas is without jurisdiction to do anything but confirm or dismiss the complaint." Colgrove v. Handler (1986),34 Ohio App.3d 142, 146, 517 N.E.2d 979, 983-984.
The jurisdiction of the courts to review arbitration awards is narrow and limited pursuant to legislative decree. Warren Edn.Ass. v. Warren City Bd. Of Edn. (1985), 18 Ohio St.3d 170,480 N.E.2d 456; Weaver Workshop v. Summit City MRDD (1991),71 Ohio App.3d 560, 561, 594 N.E.2d 1093, 1094. Concerning the confirmation of an arbitrator's award by the court of common pleas, the Warren Court stated the following:
 When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown.
 Warren Edn. Ass., 18 Ohio St.3d at 170, 480 N.E.2d at 457, syllabus.
Further, the Warren Court acknowledged the propriety of the following construction of the law advanced by appellant therein:
 In an action to confirm an R.C. Chapter 2711 arbitration award pursuant to R.C. 2711.09, a court order modifying the award is void
 ab initio, for arbitration awards may only be modified under R.C. 2711.11 when an action therefore is brought in compliance with R.C. 2711.13. Warren Edn. Ass., 18 Ohio St.3d at 172, 480 N.E.2d at 450.
With respect to this construction, the Court stated that "[a]ppellant's interpretation of the applicable law is correct."Id at 172. Thus, it is clear that when a motion is made pursuant to R.C. § 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown. In other words, the only time that the court of common pleas can do anything other than confirm or dismiss an application for confirmation is when a motion to vacate, modify, or correct, alleging those grounds listed in R.C. § 2711.10 and § 2711.11, has been filed within the time allowed under R.C. § 2711.13.
In the present case, the Arbitrator's Findings and Award was issued on November 24, 1997. Appellant filed, pursuant to R.C. § 2711.09, an Application for an Order Confirming Award against appellee on December 15, 1997. On June 2, 1999, the Court of Common Pleas entered its Judgment Entry confirming the arbitrator's award in part and "modifying" the award in one respect. That is, the trial court confirmed the principal amount owed by appellee to appellant but determined appellant was not entitled to interest on the principal, whereas, the arbitrator as part of the award had determined that appellant was entitled to $55,380.50, being the principal, plus interest of 10% from March 1, 1996. The "modification" of the arbitrator's award by the trial court was error.
Assuming timely filing of the application, the trial court is required to grant an order confirming an arbitrator's award, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. In the casesub judice, the trial court clearly did not vacate the award, therefore, R.C. § 2711.10 is not applicable. It appears from the judgment entry however that the trial court did "modify" the award; consequently, we must consider R.C. § 2711.11.
R.C. § 2711.11 provides the court of common pleas with authority to modify an arbitrator's award under particular circumstances. However, the authority of the common pleas court to modify an award is predicated on the requirement that a party to the arbitration file a motion for an order modifying the award. R.C. § 2711.13. Notice of the motion must be served upon the adverse party within three months after the award is delivered to the parties in interest. Id.
The record herein reveals that the first pleading filed after delivery of the arbitrator's award was appellant's Application for an Order Confirming Award, dated December 15, 1997. This was not a motion to modify the award but rather an attempt to confirm the award exactly as issued by the arbitrator. Appellee filed a "Response" to the application for confirmation on May 4, 1998, nearly six (6) months after the arbitrator's award was delivered. Contained in the response was an assertion that, contrary to the arbitrator's decision, appellant was not entitled to the statutory interest at ten percent (10%) per annum.
Appellee's "Response" is in the nature of an answer; a responsive pleading, not a "motion" to modify the award. Assumingarguendo appellee's "Response" was a "motion" to modify, the pleading was filed nearly six (6) months after delivery of the award. The Revised Code requires any such motion to be filed within three (3) months of delivery of the award. R.C. § 2711.13. Further, appellee's pleading was a responsive pleading to appellant's application for confirmation. R.C. § 2711.13 envisions the filing of a motion to modify as a proactive mechanism available to a party in interest who claims that an arbitrator's award is erroneous. The party claiming to be aggrieved may file a motion to modify the perceived inequity only within three months of the award. This analysis is strengthened when the one-year time limit for filing an application for a confirmation order is compared to the three-month time limit for the filing of a motion to modify, vacate, or correct. That is, a party in interest has one (1) year from delivery within which to make application for confirmation of an award but has only three (3) months from delivery within which to file a motion to modify the same award.
In this case, the arbitration proceeding had been completed and an award rendered. A proper application to confirm the award was made. No timely motion to modify the award had been made by any party in interest. Pursuant to the Ohio Revised Code, the Court of Common Pleas of Defiance County was without authority to do anything other than confirm or dismiss the complaint. Therefore, the trial court erred in modifying the award by confirming the principal amount without the interest awarded.
Finding error prejudicial to appellant, in the particulars assigned and argued, we reverse the judgment of the Common Pleas Court of Defiance County and remand the cause to that Court for entry of judgment confirming the arbitrator's award as rendered, with interest.
Judgment reversed and remanded.
WALTERS and SHAW, JJ., concur.