This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Elizabeth Falkowski ("Falkowski"), appeals from the judgment of the Lorain County Court of Common Pleas that confirmed an arbitration award in favor of Appellee Strategic Merchandising, Inc. ("Strategic"). We affirm.
Falkowski filed a small claims complaint in the Elyria Municipal Court for payment of back pay and expenses against her former employer, Strategic. Strategic filed an answer and advanced a counterclaim. Strategic also moved to stay proceedings and compel arbitration, as required by the parties' employment contract. The Elyria Municipal Court granted the motion. Falkowski did not participate in the arbitration and on July 9, 1999, the arbitrator awarded Strategic an amount of $6,709.00.
On January 21, 2000, Strategic filed an application in the Lorain County Court of Common Pleas to reduce the arbitration award to judgment. On March 3, 2000, Falkowski moved to vacate the award of the arbitrator and filed a reply to Strategic's application. On April 10, 2000, the trial court granted judgment in favor of Strategic in the amount of $6,709.00. Falkowski timely appealed, asserting five assignments of error for review.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED AS THE EMPLOYMENT CONTRACT BETWEEN [FALKOWSKI] AND [STRATEGIC] DID NOT INCLUDE A PROVISION FOR ARBITRATION AND THE PARTIES' LATER-SIGNED ADDENDUM WAS VOID FOR WANT OF CONSIDERATION AND UNCONSCIONABLE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED AS THE ARBITRATION AWARD IS INVALID AND VOID AS [FALKOWSKI] REVOKED HER CONSENT TO THE ARBITRATION UPON LEARNING OF THE OPPRESIVE [sic] COSTS OF ARBITRATION AND THE REQUIREMENT TO TRAVEL TO A DISTANT AND FOREIGN FORUM (DALLAS, TEXAS) TO ARBITRATE THE PARTIES' DISAGREEMENT.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT THE ARBITRATION WAS IMPROPER AS FALKOWSKI REVOKED HER CONSENT TO ARBITRATE.
In her first three assignments of error, Falkowski argues that the lower courts erred by staying her action pending arbitration and subsequently confirming the arbitration award. Specifically, she contends that the arbitration and award were improper due to: (1) alleged defects in her employment contract with Strategic, (2) the required cost and travel to the arbitration, which took place in Texas, and (3) the fact that Falkowski revoked her consent to the arbitration. We disagree.
In addressing the argument that the municipal court erred in staying the action pending arbitration, we turn to R.C. 2711.02, which states, in pertinent part:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending * * * shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had * * *. An order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *.
Thus, the judgment of the municipal court staying Falkowski's action pending arbitration was a final appealable order. A review of the record before us gives no indication that Falkowski timely appealed this decision. Hence, the decision has become res judicata and is not herein reviewable.
With regard to Falkowski's contention that the common pleas court erred in confirming the arbitration award and reducing it to judgment, we look to R.C. 2711.09, which provides that a party may apply to the court for an order confirming an arbitration award within one year after the award is given. "[T]he court must grant [this] motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Warren Edn. Assn. v. Warren City Bd. ofEdn. (1985), 18 Ohio St.3d 170, syllabus; accord R.C. 2711.09. Further, the mandatory language of R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award. If an application is filed after this period, the trial court lacks jurisdiction. Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8, AFL-CIO, Local No. 2243 (1995),71 Ohio St.3d 620, 622.
In this case, Strategic's motion to reduce the award to judgment was filed well within the one-year period specified. Falkowski had three months from July 9, 1999, to move to vacate the arbitration award. Falkowski filed her motion on March 3, 2000, eight months after the arbitration award was granted and well outside the three-month period provided by R.C. 2711.13. Since there was no timely motion to modify or vacate the award, the common pleas court had no discretion but to confirm the arbitrator's decision. See Weaver Workshop Support Assoc. v. SummitCty. Bd. of Mental Retardation and Dev. Disabilities (1991),71 Ohio App.3d 560, 562.
Falkowski's first, second, and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE BASED ON THE STATUTE OF LIMITATIONS IN OHIO REVISED CODE § 2711.13.
 ASSIGNMENT OF ERROR V
THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING.
In her two final assignments of error, Falkowski argues that the trial court erred in denying her motion to vacate as provided by R.C. 2711.13, because it was "unfair and unconscionable." She also contends that the trial court erred in failing to conduct a hearing.
As previously discussed, the mandatory language of R.C. 2711.13 and 2711.09, obligated the trial court to deny the motion to vacate and confirm the arbitrator's award, respectively. Therefore, there was no error in not holding a hearing on the matter. Falkowski's fourth and fifth assignments of error are without merit.
Falkowski's five assignments of error are overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ LYNN C. SLABY
BAIRD, P. J., CARR, J., CONCUR