THE STATE EX REL. R.W. SIDLEY, INC., APPELLANT,
v. CRAWFORD, JUDGE, ET AL., APPELLEES.

[Cite as State ex rel. R.W. Sidley, Inc. v. Crawford,
100 Ohio St.3d 113, 2003-Ohio-5101.]

114

(No. 2003–0528—Submitted August 26, 2003—Decided October 15, 2003.)

**Per Curiam.**

{¶ 1} Appellee Corna/Kokosing Construction Company ("Corna/Kokosing") and Columbus State Community College ("Columbus State") entered into a contract under which Corna/Kokosing agreed to serve as the general contractor on a construction project to build a parking garage for Columbus State. On March 18, 1997, Corna/Kokosing entered into a subcontract with appellant, R.W. Sidley, Inc. ("Sidley"), in which Sidley agreed to design, make, and install structural precast concrete for the Columbus State parking garage. The subcontract required that Sidley's work be completed by October 1997.

{¶ 2} Sidley did not complete its work until December 1997, and the products it provided were substandard. Despite these problems, Columbus State issued a certificate of substantial completion to Corna/Kokosing and accepted occupancy of the garage in January 1998. Columbus State attached to the certificate a list of work that had not been completed, which included Sidley's unfinished remedial work.

{¶ 3} On February 7, 2000, after Corna/Kokosing and Sidley failed to resolve a dispute concerning Sidley's compensation, Sidley filed a complaint in the Franklin County Court of Common Pleas seeking recovery from Corna/Kokosing under the subcontract and for additional work. Corna/Kokosing demanded arbitration under the subcontract, and the common pleas court stayed Sidley's case pending arbitration of the dispute. The parties subsequently stipulated to the dismissal of Sidley's case.

{¶ 4} On September 10, 2001, an arbitration panel awarded Sidley $339,655 on its claim against Corna/Kokosing. The panel determined that it lacked jurisdiction to determine Corna/Kokosing's claim that Sidley owed it $740,000, i.e., $150,000 for repairs needed because of Sidley's poor work and $590,000 for anticipated extraordinary future maintenance expenses caused by Sidley's deficient work:

{¶ 5} "[T]he panel finds that it is without jurisdiction to consider this element of [Corna/Kokosing's] claim and expressly declines to do so, reserving the same for future determination by a court or other tribunal having jurisdiction over the subject matter and the real parties in interest."

{¶ 6} On September 14, 2001, Corna/Kokosing filed a complaint in the Franklin County Court of Common Pleas. In the complaint, Corna/Kokosing sought a declaratory judgment that Sidley was required to pay for currently needed

repairs and extraordinary future maintenance, the issue that was not decided by the arbitrators. On the same date and in the same case, Corna/Kokosing moved to vacate the arbitration award under R.C. 2711.10(D) or, in the alternative, stay execution of the award. On November 8, 2001, Sidley applied for an order in the common pleas court case to confirm the arbitration award.

{¶ 7} On November 21, 2001, appellee Judge Dale A. Crawford of the common pleas court issued a decision confirming the arbitration order, denying Corna/Kokosing's motion to vacate the arbitration award, and granting Corna/Kokosing's alternative motion to stay the execution of the arbitration award. In so holding, Judge Crawford reasoned that Corna/Kokosing's claim for repairs and future damages was appropriate for the court to determine and expressly stated that the court would not journalize the arbitration award until after the case had been terminated and the stay had been lifted:

{¶ 8} "The Court finds that the arbitration panel was proper in refusing to consider Plaintiff's claim for future maintenance and repairs. However, this does not preclude this Court from resolving Plaintiff's mandatory claim for future damages and repairs if such a claim is appropriately brought before this Court. Consequently, the Court will stay the execution of the arbitration award until the termination of this case, at which time the stay may be lifted. *Furthermore, the Court confirms the arbitration award, but will not journalize the arbitration award until the termination of this case and after the stay has been lifted.*" (Emphasis added.)

{¶ 9} On February 8, 2002, Judge Crawford denied Sidley's motions to lift the stay of execution of the arbitration award and for judgment on the pleadings. Judge Crawford relied on Civ.R. 62(E) and 54(B) to justify his stay of execution of the arbitration award.

{¶ 10} In January 2002, Sidley filed a complaint in the Court of Appeals for Franklin County, naming appellees, Judge Crawford, Franklin County Court of Common Pleas Clerk of Courts John O'Grady, and Corna/Kokosing, as respondents. Sidley requested a writ of prohibition preventing Judge Crawford from staying the execution of the confirmed arbitration award, a writ of procedendo directing Judge Crawford to proceed to judgment and execution on his decision confirming the arbitration award, and a writ of mandamus to compel O'Grady to journalize the decision confirming the arbitration award as an executable judgment.

{¶ 11} The parties filed stipulated evidence and briefs, and in July 2002, a magistrate recommended denying the writs requested by Sidley. The magistrate concluded that Judge Crawford was authorized by Civ.R. 54(B) and 62(E) to stay execution of the arbitration award until the resolution of Corna/Kokosing's claim for future maintenance and repairs.

{¶ 12} In February 2003, the court of appeals overruled Sidley's objections to the magistrate's decision and denied the writs. The court of appeals questioned the magistrate's conclusion that Civ.R. 54(B) and 62(E) authorized Judge Crawford's stay of the confirmed arbitration award because it appeared that Judge Crawford had never entered a final judgment on the arbitration award. The court of appeals agreed, however, with the magistrate's recommendation to deny the writs:

{¶ 13} "We nonetheless agree with the magistrate's ultimate recommendation that this court should deny relator's petition for the writs of prohibition, procedendo and mandamus. Specifically, if respondent Judge Crawford entered a judgment on the confirmed arbitration award, then Civ.R. 62(E) in conjunction with Civ.R. 54(B) would allow the trial court to stay the arbitration award. If respondent Judge Crawford did not enter a judgment on the arbitration award, relator has presented no authority requiring him to enter a final judgment, especially when the pending matters are so closely related to the matters addressed in the arbitration."

{¶ 14} This cause is now before the court upon Sidley's appeal as of right.

### Procedendo and Prohibition: R.C. 2711.09 and 2711.12

{¶ 15} Sidley initially asserts that the court of appeals erred by not granting writs of procedendo and prohibition to compel Judge Crawford to enter judgment confirming the arbitration award and to prevent him from staying journalization of the confirmation.

{¶ 16} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227. "Consequently, a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding." *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079.

{¶ 17} Moreover, "[i]f a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition will issue to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003–Ohio–1632, 786 N.E.2d 49, ¶ 19.

{¶ 18} Under R.C. 2711.09 and 2711.12, once a court confirms an arbitration award, it must enter judgment. R.C. 2711.09 provides:

{¶ 19} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon *the court shall grant such an*

*order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.*" (Emphasis added.)

{¶ 20} R.C. 2711.12 provides:

{¶ 21} "Upon the granting of an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding, *the court must enter judgment in conformity therewith.*"  (Emphasis added.)

{¶ 22} A court has no discretion under R.C. 2711.09 and 2711.12 when the arbitration award is not vacated, modified, or corrected.  *Carden v. Miami Hardware & Appliance Co., Inc.* (1996), 113 Ohio App.3d 220, 223, 680 N.E.2d 717; *Woods v. Farmers Ins. of Columbus, Inc.* (1995), 106 Ohio App.3d 389, 391, 666 N.E.2d 283.  Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14).  See, generally, *Weaver Workshop & Support Assn. v. Summit Cty. Bd. of Mental Retardation & Developmental Disabilities* (1991), 71 Ohio App.3d 560, 561, 594 N.E.2d 1093; *Colegrove v. Handler* (1986), 34 Ohio App.3d 142, 146, 517 N.E.2d 979; *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 101, 2 OBR 112, 440 N.E.2d 1210.

{¶ 23} Based on R.C. 2711.09 and 2711.12 and applicable precedent, once Judge Crawford confirmed Sidley's arbitration award, he had a manifest duty to enter judgment thereon.  As the court of appeals observed, however, he failed to enter judgment.  See Civ.R. 58(A) ("A judgment is effective only when entered by the clerk upon the journal"); *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 526, 709 N.E.2d 1148 ("a conclusion or statement of judgment must be journalized formally to become a final appealable order").  In the absence of a judgment and an express determination under Civ.R. 54(B) of no just reason for delay, Judge Crawford could not stay journalization of the judgment pursuant to Civ.R. 62(E).

{¶ 24} Therefore, because Judge Crawford refused to enter a judgment when he had a clear legal duty to do so and because he patently and unambiguously lacked jurisdiction to stay journalization of the judgment, the court of appeals erred in denying writs of procedendo and prohibition to compel him to enter judgment confirming the arbitration award and to prevent him from staying the journalization of the judgment.

### Prohibition to Prevent Staying Execution of Judgment

{¶ 25} Sidley next asserts that once Judge Crawford enters judgment confirming the arbitration award, it would be entitled to a writ of prohibition to prevent the judge from staying execution of the judgment pending the resolution of the remaining claims in the underlying case.

{¶ 26} Sidley's assertion lacks merit. Once judgment is entered confirming the arbitration award and Judge Crawford makes an express determination of no just cause for delay, Civ.R. 62(E) confers discretion on him to stay enforcement of the judgment pending resolution of Corna/Kokosing's declaratory-judgment and other claims in the same case:

{¶ 27} "When a court has ordered a final judgment under the conditions stated in Civ.R. 54(B), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

{¶ 28} This rule "allow[s] a judge to issue execution or to stay execution of judgment that has been rendered final through Civ.R. 54(B)." *State ex rel. Myocare Nursing Home, Inc. v. Cuyahoga Cty. Court of Common Pleas* (2001), 145 Ohio App.3d 22, 26, 761 N.E.2d 1072.

{¶ 29} The statutes and cases cited by Sidley do not require a contrary result. R.C. 2711.14 specifies that the judgment entered in a proceeding confirming, modifying, correcting, or vacating an arbitration award "shall have in all respects the same effect as, and *be subject to all laws relating to, a judgment in an action.*" (Emphasis added.) One of those laws is Civ.R. 62(E).

{¶ 30} Therefore, Judge Crawford does not *patently and unambiguously* lack jurisdiction to stay execution of a judgment confirming the arbitration award. Absent a patent and unambiguous lack of jurisdiction, the court can determine its own jurisdiction, and Sidley has an adequate legal remedy by appeal to raise its jurisdictional claim. *State ex rel. State v. Lewis,* 99 Ohio St.3d 97, 2003–Ohio–2476, 789 N.E.2d 195, ¶ 19.

### Prohibition and Mandamus: Corna/Kokosing's Claims

{¶ 31} In its final argument, Sidley claims that the court of appeals erred by denying writs of prohibition and mandamus to prevent Judge Crawford from exercising jurisdiction over Corna/Kokosing's declaratory-judgment action.

{¶ 32} Sidley, however, waived these claims by failing to plead them in its complaint, amend its complaint to include them, or try them with the consent of the other parties. See, e.g., *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 391, 715 N.E.2d 179; *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 344, 699 N.E.2d 1271.

{¶ 33} Moreover, Judge Crawford did not patently and unambiguously lack jurisdiction over Corna/Kokosing's claims, since the arbitration panel determined that these claims were not subject to arbitration and had to be resolved by a court.

Conclusion

{¶ 34} The court of appeals erred in denying Sidley's request for writs of procedendo and prohibition insofar as Judge Crawford should enter judgment on the confirmed arbitration award and not stay journalization of the judgment. In all other respects, the court of appeals correctly denied the writs.

{¶ 35} Therefore, we reverse the judgment of the court of appeals denying writs of procedendo and prohibition to compel Judge Crawford to enter judgment on the confirmed arbitration award and to prevent him from staying the journalization of the judgment. We affirm the remainder of the judgment of the court of appeals and remand the cause.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

McDonald Hopkins Co., L.P.A., Jerome W. Cook and Glenn D. Southworth, for appellant.

Schottenstein, Zox & Dunn Co., L.P.A., John P. Gilligan and Kevin L. Murch, for appellee Corna/Kokosing Construction Company.