GOLDMAN, TRUSTEE, ET AL., APPELLANTS, v. BOARD OF EDUCATION OF CITY OF CINCINNATI SCHOOL DISTRICT, APPELLEE.

(No. 9706—Decided June 14, 1965.)

*Messrs. Goldman, Cole & Putnick*, for appellants.
*Mr. Robert E. Steman*, for appellee.

LONG, J.  The Schlade Corporation was engaged in the plumbing business and entered into a contract with the Board of Education of the Cincinnati School District for the furnishing and installation of the plumbing in the building of the Gamble Junior High School.  As a result of the financial difficulty of the Schlade Corporation, Mr. Goldman became the assignee for the benefit of creditors who brings this suit.

Plaintiff claims compensation for extra work and/or damages arising out of the contract, dated March 3, 1954, based on alleged extra work not contemplated by the contract with respect to excavation and laying of pipe resulting from subsoil conditions encountered being different from those represented by the contract and applicable documents.  The parties have stipulated that the cost of the extra work amounts to $14,000, and that this is the amount to which plaintiff would be entitled if plaintiff is entitled to recover.

The parties agreed to submit their differences to arbitration under the Commercial Arbitration Rules of the American

Arbitration Association. Among other things, the following appears in the agreement to arbitrate:

"We further agree that we will faithfully observe this agreement and the rules and that we will abide by and perform any award rendered pursuant to this agreement, and that a judgment of the court having jurisdiction may be entered upon the award."

Section 2711.01 *et seq.* of the Revised Code sets forth the provisions for arbitration of disputes which the parties have agreed to arbitrate. The tenor of the arbitration statutes and the decisions thereunder is the avoidance of lengthy and long drawn-out litigation. Once the parties agree to settle a controversy by arbitration, such agreement is valid, irrevocable and enforceable except upon such grounds as exist at law for the revocation of any contract. The statutes of Ohio exclude certain types of controversies as not subject to arbitration. It is admitted by the parties that the within controversy is not one prohibited by Section 2711.01 of the Revised Code.

Plaintiff's position is that Schlade had the right to presume from the "test borings" which were made that there would be no "hard blue shale" necessary to be excavated in order to install the plumbing and sewer lines; and that, if the specifications had been silent on the subject, it would have increased its bid accordingly. To this claim the board of education takes the position that the "log of test borings" was not a representation by it that the excavations for plumbing or sewers were easy or difficult; and that, as to the plumbing contractor, Section 2 provided that "no extras would be allowed." Defendant's additional contention on this point, that Schlade did not make formal claim before proceeding with the work, is, in the opinion of this court, without merit. Defendant's representatives were notified by and co-operated with Schlade in determining the extent of the additional work occasioned by the "hard blue shale." However, it is clear that the determination of the liability of defendant in this respect was to be discussed at a later time.

The real question in the case is whether Schlade had a right to rely upon the information contained in the "log of boring tests." The record seems to indicate that these "borings" were made for the specific use of the architect and the contractor

having to do with the excavations for the details and layout of concrete roadways. This was the purpose of sheet No. 2 as distinguished from Section 2. Section 2, titled "Excavation, Site Preparation and Rough Grading," on the other hand, specifically states that, " '(a) sub-surface information is given but that *no extras will be allowed for any unforeseen conditions.*' " (Emphasis supplied.)

Paragraph (b) titled, "Related Items Not Included," states:

" (1) *Excavation * * * for sewers * * * * water and gas piping, * * * (2) *Excavation * * * for plumbing * * *.*" (Emphasis supplied.)

Mr. Schlade, himself, testified as follows:

"Q. But you didn't figure anything from this Plat No. 2, did you? A. Why, we used those test borings.

"Q. You used the test borings? A. That is all we did use."

This court is constrained to adopt the conclusion of the arbitration, that if Schlade "undertook to use the boring information for his bid, even though under paragraph (b) plumbing work was excluded from the provisions of Section 2, then it [claimant] is bound to have accepted the restriction and qualification that went with such use of this information."

We find no merit to the claim that the arbitrator exceeded his powers and based his award on an issue not submitted; nor do we feel that the arbitrator was mistaken in the law or facts. It seems to this court that our statutes provide the means for vacating an arbitration award. The Legislature has gone into great detail in specifying the causes for which a vacation of an award may be had. Almost without exception the weight of authority is to the effect that, without misconduct on the part of the arbitrator or conduct of the arbitration, awards are not to be vacated. The arbitrator is held to be the sole judge of the law and the facts. This is the agreement of parties to an arbitration. This was the agreement of the parties in the case at bar. We find no misconstruction of the law or facts on the part of the arbitrator in arriving at his award.

*Judgment accordingly.*

HILDEBRANT, P. J., and HOVER, J., concur.