RUSSO, APPELLANT, *v.* CHITTICK ET AL., APPELLEES.

102

(No. 54850 — Decided
August 1, 1988.)

*Howard V. Mishler,* for appellant.
*James L. Blaszak,* for appellees.

KRUPANSKY, P.J. Appellant Anthony Russo filed this appeal from a decision of the Cuyahoga County Court of Common Pleas confirming the award of a panel of arbitrators.

A real estate commission dispute between appellant Anthony Russo and appellee Colleen Chittick was submitted to binding arbitration before three members of the Cleveland Area Board of Realtors ("CABOR") pursuant to R.C. 2711.01 *et seq.* The arbitrators concluded that appellee was entitled to the disputed commission and awarded $2,175.00 on December 4, 1984.

Appellant filed, on January 16, 1985, a "Notice of Appeal De Novo to the Court of Common Pleas from Cleveland area Board of Realtors Arbitration Decision Rendered Dec. 5, 1984." On February 2, 1985, appellant filed a brief with assignments of error in the common pleas court alleging, effectually, that the arbitrators' decision was invalid as being against the manifest weight of the evidence. Appellant also filed a motion to stay the arbitrators' award pending his "appeal" to the common pleas court.

Appellees Colleen Chittick and the Cleveland Area Board of Arbitrators filed a motion to dismiss the appeal on March 4, 1985. After appellant obtained leave to plead to appellees' motion to dismiss until April 19, 1985, appellant failed to respond to appellees' motion to dismiss. Thereafter, on November 25, 1985, the common pleas court dismissed appellant's "appeal."

Appellee Colleen Chittick then made a motion to confirm the arbitration award on April 23, 1986, one year and four months after the award, and four months after the common pleas court dismissed appellant's appeal. After several leaves by appellant to respond to appellee's confirmation motion, appellant finally, four months thereafter, filed his opposition to said motion on July 23, 1986. Ultimately, on September 29, 1987, the common pleas court granted appellee's motion for confirmation of the arbitration award. Appellant has appealed the common pleas court's decision confirming the arbitration award.

Appellant's two assigned errors follow:

"I. The trial court erred in granting plaintiff-appellee's motion [*sic*] is barred due to the fact that plaintiff-

appellee failed to file said motion within one year of the arbitration award pursuant to Ohio Revised Code 2711.09 as defendant-appellant had appealed the decision of the arbitrators to the trial court and filed a motion to stay which was denied.

"II. The filing of an appeal by the defendant-appellant relieves or otherwise tolls the statute of limitations set forth in Ohio Revised Code 2711.09 *et seq.* (to wit: at anytime one year after an award)."

Appellant's assigned errors lack merit and are overruled.

Appellant's basic contentions are as follows: (1) the one year provided by R.C. 2711.09 to confirm the award acts as a statute of limitations period prohibiting the court of common pleas from confirming the award if the motion to confirm is made beyond said period; and (2) the one year provided in R.C. 2711.09 was not tolled during the pendency of appellant's "appeal" to the court of common pleas.

R.C. 2711.09 provides in pertinent part:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration *may* apply to the court of common pleas for an order confirming the award. Thereupon the court *shall* grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *" (Emphasis added.)

It is undisputed appellee formally applied for confirmation of her arbitration award one year and four months after the award was issued by the arbitration panel. Appellant argues R.C. 2711.09 is equivalent to a statute of limitations, and appellee's failure to file for confirmation "within one year" of the award forfeited appellee's right to confirmation. Although this issue is of first impression in Ohio, we find appellant's construction of the statute to be unfounded.

The very terms of the statute militate against appellant's interpretation that it proscribes judicial confirmation if application is made beyond one year. Rather, the language is permissive, stating in the first sentence that one *"may apply"* (emphasis added) for confirmation of an arbitration award within one year of its making. The Ohio Supreme Court has interpreted the term "may" as follows:

"The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary * * *, at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation (*State, ex rel. John Tague Post,* v. *Klinger* [1926], 114 Ohio St. 212)." *Dorrian* v. *Scioto Conservancy Dist.* (1971), 27 Ohio St. 2d 102, 107, 56 O.O. 2d 58, 60, 271 N.E. 2d 834, 837.

The import of the statute, based upon ordinary canons of statutory construction, fails to equate to the interpretation a party must apply to confirm its award within one year or forfeit that right since the General Assembly used the term "may apply." This theory is reinforced by the General Assembly's use of the word "shall" in the second sentence of R.C. 2711.09. It is axiomatic that, "[t]he word 'shall' is usually interpreted to make the provision in which it is contained mandatory." *Id.* at 107, 56 O.O. 2d at 60-61, 271 N.E. 2d at 837. If the intention of the General Assembly is to restrict the power of the court of common pleas to confirm awards in arbitration cases to one year, it would have used the mandatory word "shall" rather than the permissive word "may." While no express provision is made for a party who moves to confirm

an arbitration award beyond the one-year period provided by the statute,[1] the General Assembly's use of the permissive word "may" in the first sentence of the statute lends itself to no other reasonable interpretation but that the motion can also be made beyond one year.

The policy of the arbitration provisions provides additional support for this interpretation. R.C. 2711.09 confers a right upon a party prevailing in an arbitration. The statute causes an arbitration award to become a judgment through a summary proceeding by filing a motion to confirm if made within one year of the arbitrators' decision. See, *e.g.*, R.C. 2711.05. The common pleas court has no discretion if the motion is made within one year but *must* grant the confirmation unless a timely motion to vacate or modify has been made and grounds for modification or vacation are shown. *Warren Edn. Assn.* v. *Warren City Bd. of Edn.* (1984), 18 Ohio St. 3d 170, 18 OBR 225, 480 N.E. 2d 456. A common pleas court is limited to ascertaining whether fraud, corruption, misconduct, or demonstration of arbitrator impropriety or evident mistake made the award unjust or unconscionable. *Goodyear Tire & Rubber Co.* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 71 O.O. 2d 509, 330 N.E. 2d 703. The legal and factual conclusions of the arbitrators are not reviewable in the common pleas court. *Id.* By enactment of R.C. 2711.09, the General Assembly clearly intended to expedite judicial confirmation of arbitration awards in light of the deference these awards are required to be given by common pleas courts. The dilatory prevailing party loses only the statutory right to *mandatory* summary confirmation after one year.

Certainly the better approach for a party obtaining an arbitration award is to file a motion to confirm within one year irrespective of any motions to vacate or modify filed by the opposing party. In this manner the prevailing party will protect the right to summary confirmation if there are no grounds for vacation or modification regardless of when the common pleas court rules on the motions. Merely *filing* the motion ensures the confirmation occurs by motion rather than suit on the award.

Nonetheless, Ohio law clearly mandates arbitrators' decisions are virtually equivalent to judicial decisions. *Goodyear Tire & Rubber Co.* v. *Local Union No. 200, supra; Goldman* v. *Bd. of Edn.* (1965), 5 Ohio App. 2d 49, 34 O.O. 2d 133, 213 N.E. 2d 826; R.C. 2711.01 *et seq.* Although the common pleas court is not mandatorily bound to proceed by motion or grant confirmation after one year, in the interest of judicial economy the common pleas court has the discretion to permit summary application within a reasonable time beyond one year for good cause shown, if no prejudice occurs to the opposing party by the filing of the confirmation motion beyond said period.

Since R.C. 2711.09 is not tantamount to a statute of limitations, it is unnecessary to consider whether said

---

[1] The comment to R.C. 2711.09 does suggest a party with an arbitration award can obtain a judgment on the award after one year:

"This is the section of the statute which enables the parties to an arbitration to obtain satisfaction of the award. The party desiring legally to enforce an award makes a motion to confirm. This motion must be granted by the court, unless cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award."

statute was tolled. To reiterate, the better practice is to file the motion to confirm within one year after the arbitration award regardless of the procedure instituted by the opposing party. Nevertheless, in view of the above holding, it must be determined whether in the case *sub judice,* the common pleas court abused its discretion in granting appellee's motion to confirm.

In the case *sub judice* appellant made an "appeal" to the common pleas court on grounds the arbitrators' decision was against the manifest weight of the evidence. No such "appeal" is authorized under law. See R.C. 2711.10 and 2711.11.[2] Nevertheless the common pleas court did not dismiss the appeal filed by appellant for ten months. Perhaps the common pleas court would not have ruled on the motion to confirm even if it had been filed within the one year provided by R.C. 2711.09. Certainly appellant's unwarranted "appeal" which lasted for nearly one year itself was sufficient good cause shown for appellee's delay in seeking confirmation a total of sixteen months after the award issued.

Additionally, appellee continually informed appellant of her determination to recover on her award during the ten months of appellant's "appeal" in the common pleas court. Neither demonstration of prejudice to appellant has been shown, nor does any prejudice appear in the record. Since good cause was shown for the delay and no prejudice resulted to the opposing party, the common pleas court did not abuse its discretion in granting appellee's motion to confirm the arbitration award by summary proceeding four months after the one-year period conferred by R.C. 2711.09 expired.

Appellant argues alternatively that the common pleas court erred in

---

[2] These statutes set forth the limits within which a common pleas court may review a binding arbitration decision.

R.C. 2711.10 provides as follows:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

R.C. 2711.11 provides as follows:

"In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:

"(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

"(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

"(C) The award is imperfect in matter of form not affecting the merits of the controversy.

"The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

None of the above grounds for vacation or modification of the arbitration decision was even alleged in appellant's "appeal."

failing to conclude that appellee's motion to confirm the arbitration award was barred by laches.

Simply stated, the elements of laches are (1) delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. *Smith* v. *Smith* (1959), 168 Ohio St. 447, 455, 7 O.O. 2d 276, 280, 156 N.E. 2d 113, 119.

As stated above, the record in the case *sub judice* is devoid of any evidence of laches in appellee's failure to move to confirm the award until four months after the one year expired.

Appellant's assignments of error are denied.

*Judgment affirmed.*

MATIA and MITROVICH, JJ., concur.

PAUL H. MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment.