GEIST, Appellee,

v.

OHIO DEPARTMENT OF COMMERCE, Appellant.

[Cite as *Geist v. Ohio Dept. of Commerce* (1992), 78 Ohio App.3d 404.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–867.

Decided Feb. 11, 1992.

*Robert C. Perrin*, for appellee.

*Lee Fisher*, Attorney General, and *Jack Decker*, Assistant Attorney General, for appellant.

BOWMAN, Judge.

In 1986, the Ohio Department of Administrative Services conducted an audit of the job duties of appellee, Kenneth L. Geist, an employee of the Ohio Department of Commerce ("the state"). As a result of this review, Geist was promoted from Financial Institution Examiner I to Financial Institution Examiner II. The state appealed this determination, pursuant to Section 19.07 of the collective bargaining agreement between the state and the Ohio Civil Service Employees Association, Local 11, AFSCME, AFL–CIO ("the union"), which operated as the exclusive bargaining representative for Geist's bargaining unit.

After a hearing before an examiner appointed pursuant to procedures set forth in the collective bargaining agreement, Geist's promotion was set aside as not having been based upon a proper classification and Geist was, in effect, demoted. In accordance with R.C. 2711.10, Geist then filed a motion to vacate the arbitration award in the common pleas court.

In July 1988, the trial court issued a decision and entry overruling a motion to dismiss in which the state contended that Geist lacked standing to seek vacation of the arbitration award. In May 1991, the trial court issued a decision resolving jurisdictional matters and set the case for nonoral hearing.

In June 1991, the state filed a motion to reconsider defendant's motion to dismiss in an effort to gain reevaluation of the issue of standing, but did not file a trial brief on the merits of the case. In its decision and entry of July 1991, the court granted Geist's motion to vacate the arbitration award, in effect overruling the state's motion to reconsider the denial of its previous motion to dismiss. As a basis for vacating the award, the court found that the hearing officer's decision had used obsolete classification specifications and was, thus, clearly erroneous. The court then ordered that Geist be

reinstated to the classification of Financial Institution Examiner II, and that he be given the compensation and benefits he would have received had the classification taken effect in November 1986.

The state appeals from the order of the trial court, raising one assignment of error:

"The common pleas court erred as a matter of law when it granted appellee standing to bring an action for postarbitration relief under R.C. Section 2711.10."

The state contends that the union was the sole and exclusive legal representative of Geist in all matters and that only the union could move to vacate under R.C. 2711.10.

As its only authority, the state cites two recent common pleas court decisions, *Lepp v. Ohio Hazardous Waste Facilities Bd.* (Mar. 20, 1991), Franklin C.P. No. 90CVH–07–5303, unreported, 1991 WL 224181, and *Barksdale v. Ohio Dept. of Adm. Services* (July 19, 1991), Franklin C.P. No. 90CVH–04–2661, unreported, in which the court determined that individuals seeking action on their arbitration awards did not have standing to bring suit. In *Lepp*, a discharged employee of the Hazardous Waste Facilities Board sought confirmation of an arbitration award of back pay and benefits. The court found that the party to the arbitration hearing was not Lepp but the union, which had the contractual right to control the arbitration and act as the sole representative of Lepp's interests. Similarly, in *Barksdale*, a grievant filing an application to vacate an arbitration award was determined to lack standing because she had "surrendered her right to prosecute her own employment grievance when her Union entered into the collective bargaining agreement."

In response, Geist points to Section 19.10 of the collective bargaining agreement, which sets forth procedures for seeking relief from an adverse decision of a job audit appeal hearing. That section provides as follows:

"§ 19.10—Hearing Officer's Decision

"Within fifteen (15) days of the conclusion of the hearing, the hearing officer must submit a decision in writing to the affected employee, union representative, the Director of the Office of Collective Bargaining and the Agency. *The decision of the hearing officer is final and binding and not subject to the grievance procedure. The hearing officer shall be treated as an arbitrator, thus his/her decision may be appealed pursuant to ORC Chapter 2711.*" (Emphasis added.)

Sections 19.07 and 19.08 grant the right of appeal from an audit determination and outline the review procedure for such appeal:

"§ 19.07—Appeal

"If the employee or the Agency disagrees with the decision of the Department of Administrative Services, the employee or Agency may appeal to the Director of the Office of Collective Bargaining in writing within ten (10) days of receipt of the decision. * * * The Director of the Office of Collective Bargaining shall schedule a hearing officer to review the case. * * *

"§ 19.08—Conduct of Hearing

"A hearing officer shall conduct a hearing on each job audit appeal. The Department of Administrative Services will forward copies of all documentation and evidence to the hearing officer for review. A union representative shall have the right to be present at the audit appeal hearing. All evidence and documentation shall be made available to the employee, the union representative and to the Agency no later than ten (10) days prior to the scheduled hearing.

"At the hearing, the hearing officer will consider the testimony on duties and responsibilities of the employee and the arguments of the representatives of each party. If any party requests a transcript, that party shall bear the cost of the transcript. The other party may then receive a copy of the transcript at cost."

Geist contends that, while these provisions give the union a role in the audit review process, the union has no obligation to appeal a job audit decision and need not even be present or participate during the audit appeal hearing. To the state's argument that the employee subrogates to the union his ability to appeal an audit determination, Geist asserts that the union is the exclusive *bargaining* representative, but not the exclusive *legal* representative, of its members. Geist concludes that, because Section 19 of the collective bargaining agreement specifically and completely provides procedures for the settlement of job audit disputes, it is not necessary to resort to the grievance procedures set forth in Section 25 of the agreement, which indicates that the union will prosecute grievances on behalf of employees. Moreover, Geist argues that both cases cited by the state in support of its claim arise out of disputes addressed by the grievance section of the collective bargaining agreement and are, thus, inapposite.

Section 1.01 of the collective bargaining agreement states, in part:

## "§ 1.01—Exclusive Representation

"The Employer recognizes the Union as the sole and exclusive bargaining representative in all matters establishing and pertaining to wages, hours, and other terms and conditions of employment for all full and part-time employees in the classifications included in the following certifications of the State Employment Relations Board (SERB)[.]" (Classification codes omitted.)

The issue currently before us is whether this section, and similar language contained within Section 25 outlining grievance procedures, transfers the right to seek vacation of an arbitration award from the employee to the union.

Section 19.10 requires that the hearing officer be treated as an arbitrator, with an appeal from such arbitration to be taken pursuant to R.C. Chapter 2711. R.C. 2711.10 allows for the vacation of an arbitration award under certain circumstances:

"In any of the following cases, the court of common pleas shall make an order vacating the award *upon the application of any party to the arbitration* if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (Emphasis added.)

 Legal and/or factual conclusions reached by arbitrators are not reviewable in the common pleas courts, which, under R.C. 2711.10, are confined to a review of claims of fraud, corruption, or misconduct on the part of the arbitrators. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703; *Russo v. Chittick* (1988), 48 Ohio App.3d 101, 104, 548 N.E.2d 314, 317. In agreeing to submit disputes to arbitration, the parties to a collective bargaining agreement agree to accept the result of arbitration, even if it is legally or factually wrong. *Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 63, 15 OBR 90, 92, 472 N.E.2d 740, 743.

The substantive question presented to the trial court was whether the hearing officer had utilized proper criteria in rejecting the results of the audit

conducted by the Department of Administrative Services. In reviewing the facts, the trial court applied a standard which addressed whether the determination of the hearing officer was clearly erroneous. R.C. 2711.10, and cases interpreting it, would suggest that simple error was not a sufficient basis for vacating the arbitration award.

However, the state has never argued that the trial court's determination that the hearing officer had erroneously decided that the audit appeal was in error but, rather, has continued to advance the sole proposition that Geist lacked standing to move to vacate the award. We therefore will not address whether the trial court erred in vacating the arbitration award through the use of a "clearly erroneous" standard of review rather than through a finding of fraud, corruption or misconduct.

█ Turning to the state's assignment of error, we find that the trial court did not err in concluding that Geist had standing to move to vacate the arbitration award under R.C. Chapter 2711. Section 19.10 of the collective bargaining agreement states that an audit appeal is not a grievance, thus, the grievance section of the agreement clearly does not apply. Therefore, Section 25, which defines a grievance and requires that differences between employer and employee be processed by the union on behalf of the grievant, is not germane. Accordingly, the common pleas court cases cited by the state in support of its contention are inapposite, since both cases arise out of grievance proceedings, not audit appeals.

Moreover, Section 1.01 of the collective bargaining agreement also does not support the state's argument, since that section provides that the union will be the sole and exclusive bargaining representative "in all matters establishing and pertaining to wages, hours, and other terms and conditions of employment." These matters are the subject of bargaining between employer and union, and naturally are within the scope of a union's duties as bargaining representative. An audit, defined in Section 19.01 as the evaluation of job duties in order to determine the appropriate job classification for a position, is conducted by the Department of Administrative Services, and is essentially an administrative function of the state of Ohio and is not a negotiable aspect of an individual's employment.

Finally, Section 19.07 indicates that an employee who disagrees with the decision of the Department of Administrative Services may appeal to the director of the Office of Collective Bargaining. Nowhere in Section 19 is it required that an employee who undertakes such appeal must do so through his or her union.

As a result of these considerations, we conclude that Geist was a party to the arbitration as is required by R.C. 2711.10 and, therefore, that he possessed standing to move the common pleas court to vacate the result of the audit appeal. The state's sole assignment of error is overruled.

The state alternatively argues that Geist failed to exhaust all of his administrative remedies, since he could have filed an unfair labor practices action pursuant to R.C. 4117.11(B)(6). We reject this argument on the grounds that the collective bargaining agreement does not obligate the union to represent his interests with regard to the audit or its appeal and, therefore, the union could not be required to file the motion to vacate on his behalf under R.C. 2711.10. Where there is no duty, there can be no breach of duty and, thus, no unfair labor practice. This argument by the state is not well taken.

Finally, we overrule Geist's motion to strike a letter attached to the state's appellate brief. This letter, dated August 26, 1988, is from the union's executive director to the deputy director of the state Office of Collective Bargaining. The letter purports to outline union policies on the question of attorney representation of employees during proceedings arising out of employment disputes. This letter was not part of the record filed in the trial court and, pursuant to App.R. 9, was disregarded by the court.

The state's assignment of error is overruled and the decision of the trial court in favor of Geist is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.