JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Dawn Construction Co., Inc. appeals from the judgment of the trial court which confirmed an arbitration award in favor of plaintiff Toni Temple. For the reasons set forth below, we affirm.
 {¶ 2} On April 28, 1999, defendant entered into a written agreement to repair storm damage at plaintiff's Parma Heights home. Plaintiff subsequently alleged that defendant failed to replace insulation as required by the contract and failed to replace a section of gutter. Per the terms of the contract, the parties sought arbitration before the Better Business Bureau. On September 10, 2001, the arbitrator determined that defendant had failed to fully perform its contractual obligations and ordered that defendant compensate plaintiff for the cost of having the omitted work performed by another contractor.
 {¶ 3} The arbitrator subsequently permitted both parties to present additional evidence at a second hearing. Thereafter, in a decision dated March 6, 2002, the arbitrator reaffirmed its earlier decision, and also awarded plaintiff $1,140.
 {¶ 4} Plaintiff filed an application to confirm this decision in the court of common pleas on January 10, 2003.[1] The trial court granted plaintiff's application on March 27, 2003. Defendant now appeals and assigns a single error for our review.
 {¶ 5} "The trial court erred in overruling the motion to dismiss and [granting] the plaintiff-appellees' [sic] application for order confirming the arbitration award in the March 27, 2003 judgment entries."
 {¶ 6} Within this assignment of error, defendant contends that R.C. 2711.09 sets forth a jurisdictional one year limitations period within which a party must act in order to obtain confirmation of an arbitration award. Defendant further contends that in this matter, time began to run on the date of the first arbitration decision, i.e.,
September 10, 2001, that time was then "tolled" following the arbitrator's rehearing of the matter until he issued an amended decision on March 6, 2002. Thus, according to defendant, the last date on which plaintiff could seek confirmation of the award was December 9, 2002. We do not accept these contentions.
 {¶ 7} R.C. 2711.09 provides as follows:
 {¶ 8} "At anytime within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the courtshall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof." (Emphasis added).
 {¶ 9} Because the statute indicates that a party "may" apply for confirmation of the award within one year, this time period is permissive, and not a mandatory limitations period. Russo v. Chittick
(1988), 48 Ohio App.3d 101, 548 N.E.2d 314 ("The import of the statute, based upon ordinary canons of statutory construction, fails to equate to the interpretation a party must apply to confirm its award within one year or forfeit that right since the General Assembly used the term "may apply."); Cleveland Police Patrolman's Ass'n v. Cleveland (July 28, 1994), Cuyahoga App. No. 65874. The court of common pleas therefore has discretion to permit summary application for confirmation within a reasonable time beyond one year, for good cause shown, if no prejudice occurs to the opposing party by the filing of the motion beyond the one year period. Russo v. Chittick, supra.
 {¶ 10} Further, because the one year time period set forth in R.C. 2711.09 is not a mandatory limitations period, it is not necessary to consider any claims of tolling. Id.
 {¶ 11} Defendant urges a contrary result, and relies upon BeckSuppliers, Inc. v. Dean Witter Reynolds, Inc. (1988), 53 Ohio App.3d 98,102, 558 N.E.2d 1187. Beck is unavailing, however, as that case also did not address the time period set forth in R.C. 2711.09, but rather, addressed the time period set forth in R.C. 2711.13 which mandates that notice of a motion to vacate, modify, or correct an award "must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest." (Emphasis added.)
 {¶ 12} Defendant also relies upon Weaver Workshop SupportAssn. v. Summit Cty. Bd. of Mental Retardation Dev. Disabilities
(1991), 71 Ohio App.3d 560, 594 N.E.2d 1093. Weaver is also unavailing, however, since that case likewise construed R.C. 2711.13.
 {¶ 13} In this matter, the record reveals that an arbitration decision was rendered on September 10, 2001, but that the matter was then reheard at defendant's request, and an amended decision was rendered on March 6, 2002. Approximately nine months later, on January 10, 1993, plaintiff sought to confirm the final, amended decision on rehearing, well within the one year time period set forth in R.C. 2711.09. Moreover, even assuming that the September 10, 2001 decision is controlling, the trial court would have been well within its discretion in finding "good cause" to permit plaintiff to file the application for confirmation of the arbitration order in January 2003 because defendant sought and obtained rehearing following the September 2001 decision. Defendant's assignment of error is without merit.
Affirmed.
Michael J. Corrigan, P.J., And Timothy E. McMonagle, J., Concur.
[1] Plaintiff initially sought to confirm the award in the Parma Municipal Court, but that Court was without jurisdiction under R.C. Chapter 2711. See R.C. 2711.09; R.C. 2711.10; R.C. 2711.11; R.C. 2711.13;Johnson v. Thom Builders, Erie App. No. E-02-020, 2003-Ohio-572.