DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the June 13, 2005 judgment of the Lucas County Court of Common Pleas which granted plaintiff-appellee MBNA America Bank, N.A.'s motion to confirm its arbitration award, denied defendant-appellant Roland Terry's motion to confirm his arbitration award, and dismissed appellant's counterclaim. For the reasons set forth herein, we affirm the trial court's judgment.
 {¶ 2} The action stems from a dispute regarding credit card debts allegedly owed by appellant to MBNA America Bank, N.A. ("MBNA"). On March 5, 2003, appellant filed a claim with the National Arbitration Council ("NAC"); on May 9, 2003, appellant was awarded $15,483.30 on his claim. MBNA did not participate in the NAC arbitration.
 {¶ 3} Thereafter, MBNA filed a claim with the National Arbitration Forum ("NAF") as provided for in the parties' written agreement. On October 21, 2003, the NAF issued a $5,534.28 award in favor of MBNA; on December 12, 2003, the NAF issued an additional $10,782 award in favor of MBNA.
 {¶ 4} On May 24, 2004, after appellant failed to pay on the award, MBNA filed a motion and application to enforce the arbitration award pursuant to R.C. 2711.09. On July 22, 2004, appellant filed an answer and counterclaim requesting that the trial court grant him judgment in the amount of his arbitration award. Thereafter, MBNA filed a motion to strike appellant's answer and counterclaim arguing that it did not conform to the requirements under R.C. Chapter 2711. On September 20, 2004, appellant filed a response to MBNA's motion to strike and a R.C.2711.09 motion to confirm his arbitration award.
 {¶ 5} On June 13, 2005, the trial court granted MBNA's motion to confirm its arbitration award, denied appellant's motion to confirm his arbitration award, and granted MBNA's motion to strike appellant's answer and counterclaim. This appeal followed.
 {¶ 6} Appellant now raises the following two assignments of error:
 {¶ 7} "1. The trial court erred when it failed to confirm the arbitration award of defendant/appellant.
 {¶ 8} "2. The trial court erred when it dismissed defendant/appellant's counterclaim."
 {¶ 9} In appellant's first assignment of error, he contends that the trial court erroneously failed to confirm his May 9, 2003 arbitration award as required by statute. MBNA counters that because the motion to confirm was filed more than one year after the award, the trial court had discretion in determining whether to enter a judgment confirming the award.
 {¶ 10} R.C. 2711.09 provides, in relevant part:
 {¶ 11} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon, the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."
 {¶ 12} While appellant acknowledges that he filed a motion to confirm his arbitration award approximately 16 months following the NAC award, he contends that, pursuant to Russo v. Chittick
(1988), 48 Ohio App.3d 101, the trial court has discretion to confirm an award within a reasonable time after one year if the movant demonstrates good cause for the delay and no prejudice resulted to the other party.
 {¶ 13} The Russo court based its determination, in part, on its interpretation of the use of the word "may" in R.C. 2711.09. The court concluded that "may" as used in the "first sentence of the statute lends itself to no other reasonable interpretation but that the motion can also be made beyond one year." Id. at 104. Upon review of R.C. 2711.09, we question the Russo court's reasoning as it would appear that "may" is used to describe the permissive nature of the action. In Warren Edn. Assn. v. WarrenCity Bd. of Edn. (1985), 18 Ohio St.3d 170, 172, the Supreme Court of Ohio, quoted the following from the editorial comment to Page's Ohio Revised Code Annotated: "`[T]he motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award.'" Regardless of whether the one-year time period is mandatory or discretionary, upon review of appellant's motion to confirm his arbitration award we find that appellant offered no explanation for the four-month delay; accordingly, the trial court did not err when it denied the motion. Appellant's first assignment of error is not well-taken.
 {¶ 14} In appellant's second assignment of error, he contends that the trial court erroneously dismissed his counterclaim for judgment on his arbitration award. In the court's June 13, 2005 judgment entry it concluded that appellant's answer (and counterclaim) were not "provided for" under R.C. Chapter 2711. Citing Warren Edn. Assn., supra, appellant contends that his counterclaim was a proper action for judgment on his award.
 {¶ 15} This court does not dispute the general principle that an individual may commence a "suit on the award." However, in this case MBNA had already employed the statutory procedures set forth in R.C. Chapter 2711. Appellant's July 22, 2004 answer stated that appellant never consented to the arbitration and that the NAF award, without further elaboration, was "tainted by collusion, conflict of interest, and perhaps fraud." Appellant's counterclaim merely realleged these claims and requested that MBNA's complaint be dismissed and that appellant be granted judgment on his award. R.C. 2711.10 and R.C. 2711.11 provide the exclusive remedy for vacating an arbitration award. Under R.C. 21711.13, a party must file an objection within three months of the arbitration award. Appellant clearly failed to object within three months of the NAF award. Accordingly, we find that the trial court did not err in dismissing appellant's answer and counterclaim. Appellant's second assignment of error is not well-taken.
 {¶ 16} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J. concur.