[Cite as *EAP Ohio, L.L.C. v. Wild 'N Wooly Acres, Inc.*, 2024-Ohio-5906.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

EAP OHIO, LLC,

Plaintiff-Appellee,

v.

WILD 'N WOOLY ACRES, INC.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 HA 0004**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2023-0121

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Timothy B. McGranor*, *Atty. Mitchell A. Tobias*, and *Atty. Eric A. Parker*, Vorys, Sater, Seymour and Pease LLP, for Plaintiff-Appellee

*Atty. Molly K. Johnson*, Johnson & Johnson Law Firm, for Defendant-Appellant

Dated:  December 13, 2024

**WAITE, J.**

{¶1} This appeal challenges the confirmation of an arbitration award. Appellant Wild 'N Wooly Acres, Inc. argues that the trial court should not have confirmed the arbitration award because Appellee's application for confirmation was not served on Appellant's counsel. Appellant did not raise this matter with the trial court, and therefore, it is waived on appeal. In addition, R.C. 2711.09 does not require the application for confirmation to be served on counsel, but allows notice to be given to either "the adverse party" or "his attorney." Appellant is a corporation and Appellee served notice on Appellant's statutory agent as required by law.

{¶2} Appellant also contends that the Rules of Civil Procedure regarding service of notice should have been followed, rather than the notice and service requirements in R.C. 2711.09. This is incorrect, because an express statutory provision takes precedence over the Rules of Civil Procedure under the facts of this case. This is the same reasoning used in the very recent case of *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651, dealing with a similar question arising out of R.C. 2711.13. The case held that service may be made on either counsel or the opposing party because the express provisions of a special statutory proceeding such as arbitration must be followed, despite a contradictory provision of the Rules of Civil Procedure.

{¶3} It is clear that the holding in *Ohio Patrolmen's Benevolent Assn.* resolves Appellant's arguments under its sole assignment of error. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Case No. 24 HA 0004

## Facts and Procedural History

{¶4} On December 15, 2022, a final arbitration award was granted in favor of Appellee EAP Ohio, LLC and against Appellant. On October 16, 2023, Appellee filed a timely application for confirmation of the arbitration award in the Harrison County Court of Common Pleas pursuant to R.C. 2711.09. On October 17, 2023, the Harrison County Clerk of Courts served the application and a summons on Appellant's statutory agent via certified mail. It was received by the statutory agent on October 20, 2023, as evidenced by the certificate of service card.

{¶5} On November 17, 2023, Appellant, now represented by counsel in this matter, filed a motion for leave to respond to the application. An extension was granted until December 27, 2023. Appellant did not file a response until January 5, 2024, when it filed an answer and brief in opposition.

{¶6} On January 11, 2024, Appellee filed a motion to strike Appellant's answer, or in the alternative, a memorandum in opposition, as Appellee interpreted Appellant's response as a motion to vacate the arbitration award.

{¶7} A hearing was held on February 15, 2024. On February 20, 2024, Appellant filed a motion for leave to file instanter a first amended answer and motion to vacate. The trial court did not grant this motion. Instead, on March 22, 2024, the trial court granted Appellee's motion to strike Appellant's answer and granted Appellee's application to confirm the arbitration award. This appeal followed on April 22, 2024.

{¶8} Appellant filed a brief on June 24, 2024 raising one assignment of error. Appellee responded to that brief on July 15, 2024. The parties then submitted a joint motion to submit supplemental briefs in light of the Ohio Supreme Court's decision in *Ohio*

*Patrolmen's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651, decided on July 16, 2024. Both parties agreed that the case would likely have an impact on this appeal. We granted the motion on August 1, 2024.

**{¶9}** On August 2, 2024, Appellant filed a supplemental brief. However, in it Appellant abandoned its original assignment of error in favor of two completely new assignments. Appellee filed a response on August 7, 2024. Appellee objected to Appellant's rejection of its original argument and to the presentation of two completely new assignments of error. Appellee argued that Appellant's original assignment of error was overruled by the holding in *Ohio Patrolmen's Benevolent Assn.*, and argued that Appellant waived any additional assignments of error by failing to include them in the original brief. Nevertheless, Appellee addressed the new legal theories raised in Appellant's supplemental brief. Appellee is correct that we did not grant Appellant permission to completely change or abandon its legal theory in this case. Our August 1, 2024 entry merely allowed the parties to supplement their original argument to address the impact of *Ohio Patrolmen's Benevolent Assn.* In effect, Appellant seems to have waived its original argument in this appeal, and attempted to improperly replace it with two new arguments.

**{¶10}** We note that Appellant set forth its original assignment of error in three different ways in its opening brief. As there is no way for us to determine which version Appellant intended us to address, the version quoted below is the one found in the table of contents in Appellant's brief.

Case No. 24 HA 0004

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT DISMISSING EAP OHIO'S APPLICATION FOR CONFIRMATION DESPITE EAP OHIO'S FAILURE TO SERVE UNDERSIGNED COUNSEL.

SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT LACKED JURISDICTION TO RULE UPON EAP'S APPLICATION FOR CONFIRMATION OF AWARD IN ARBITRATION BECAUSE EAP FAILED TO SERVE COUNSEL FOR WNW AS REQUIRED BY O.R.C. 2711.05 AND CIV.R. 5 WITHIN THE ONE-YEAR STATUTE OF LIMITATIONS PRESCRIBED BY 2711.09.

SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT LACKED JURISDICTION TO RULE UPON EAP'S APPLICATION FOR CONFIRMATION OF AWARD IN ARBITRATION BECAUSE EAP FAILED TO FILE A MOTION IN CONFORMANCE WITH OHIO CIV.R. 7 AND THEREFORE, DID NOT TIMELY COMPLY WITH R.C. 2711.05 OR 2711.09.

{¶11} This appeal involves a challenge to the confirmation of an arbitration award by the court of common pleas. As the challenge is on purely procedural grounds, this appeal raises a question of statutory interpretation. When interpreting statutory provisions, the goal is to give effect to the legislature's intent in enacting the statute, and

this is generally found by reading the statutory language in context and interpreting it according to the rules of grammar and common usage. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 13. Interpretation should be done to avoid adding or deleting anything from the statutory language. *Id.* Appellant argues in this matter that an application for confirmation of an arbitration award must be served upon the opposing party's attorney if that party is represented by counsel, despite language to the contrary in R.C. 2711.09. Appellant cites R.C. 2711.05-13, Civ.R. 5, and four cases to support this argument.

{¶12} After an arbitration award is made, any party to the arbitration may file an application to the court of common pleas to confirm the award. R.C. 2711.09. The court must then grant the application unless a motion to vacate, modify, or correct the award has been filed and granted. R.C. 2711.09. The statute provides the method for apprising all other parties that the application for confirmation has been filed: "Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof." Appellee filed the application for confirmation on October 16, 2023. The clerk of courts served notice of the application on October 16, 2023 on Appellant's statutory agent by certified mail. Notice was delivered on October 20, 2023 and the certificate of service is in the record. The hearing was held on February 15, 2024. We recognize that Appellant was not represented by counsel in the court of common pleas proceeding until November 17, 2023, when its counsel filed a motion seeking leave to respond to the application.

{¶13} Appellant argues that Appellee was required to serve notice of filing of the application for confirmation on counsel, instead of its statutory agent, and it is undisputed

that service was made on Appellant's statutory agent. Appellant appears to be arguing either that Appellee should have assumed Appellant's counsel from the arbitration process would continue as counsel when the matter moved to the court of common pleas, or that Appellee was required to serve the application a second time on Appellant's counsel, once counsel made an appearance in the case. In either scenario, Appellee did not serve Appellant's counsel with notice of the application. Appellant contends that, due to this alleged error, the application was not properly filed within the one-year time period allowed by R.C. 2711.09 and should have been denied. Appellant asks us to vacate the confirmation of the arbitration award.

{¶14} Rather than rely on R.C. 2711.09 and its related caselaw, Appellant turns to the law surrounding R.C. 2711.13, which deals with a motion to vacate an arbitration award. However, this statute uses somewhat different language regarding service on the opposing parties: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, *as prescribed by law for service of notice of a motion in an action.*" (Emphasis added.) The italicized portion of R.C. 2711.13 is not found in R.C. 2711.09, the statute addressing confirmation of arbitration awards. Nevertheless, Appellant argues that Civ.R. 5 governs service of documents subsequent to the filing of a motion, and that this civil rule overrides the specific service provision of R.C. 2711.09 to require service on a party's attorney, if the party is represented by counsel. Appellant also argues R.C. 2711.05 requires that the procedure set forth in the Rules of Civil Procedure must be used when the arbitration statutes are silent on the matter. Appellant urges that as R.C. 2711.09 does not contain any specific procedure for serving notice of

the application for confirmation, and that Civ.R. 5 does have a procedure for serving motions, Appellee was required to use that procedure, but failed.

{¶15} Appellant cites *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505 for the principle that, under R.C. 2711.13 a party must serve the opposing party's counsel if the party is represented by counsel. We again note that R.C. 2711.13 addresses motions to vacate an arbitration award, which is not before us. Even so, this issue was not the question under review in *Cox* and the dicta in *Cox* has been rejected by *Ohio Patrolmen's Benevolent Assn.*, which held that the clear and express statutory provisions of R.C. 2711.13 allowing service to either the party or their attorney make the procedural requirements of Civ.R. 5 inapplicable. *Id.* at ¶ 16. Appellant also cites three cases from the Eighth District Court of Appeals that relied on *Cox* for the same conclusion. It is apparent these cases are likewise overruled by *Ohio Patrolmen's Benevolent Assn.*

{¶16} The clear holding of *Ohio Patrolmen's Benevolent Assn.* addresses and resolves Appellant's sole, original assignment of error in this matter. Appellee was permitted to serve either Appellant or its attorney, and it served Appellant's statutory agent rather than send notice to the counsel Appellee used at arbitration. Although the holding of *Ohio Patrolmen's Benevolent Assn.* resolves Appellant's contention on appeal, Appellee raises three additional arguments in support of the trial court's decision.

A. Applicability of Civ.R. 5 was not raised with the trial court.

{¶17} First, Appellant did not appropriately raise the issue of the alleged improper service of the application of confirmation at the trial court level. Appellant's answer to the application did not raise any defenses related to insufficient service of process. In its

answer, Appellant only argued that the award should be vacated pursuant to the grounds set forth in R.C. 2711.10(D).

**{¶18}** Appellant attempted to partially raise the issue in a motion for leave to amend the motion to vacate. This motion was not granted by the trial court, and the issue of service in relation to Civ.R. 5 was never reviewed or discussed below. Although the question on appeal involves the interpretation of a statute, reviewed de novo on appeal, even these matters must first be raised at the trial court level. *State ex rel. Barnette v. Hill*, 2022-Ohio-2469, ¶ 12 (although a habeas petition is reviewed de novo, new arguments cannot be raised for the first time on appeal.). Because Appellant never raised this issue to the trial court, it cannot be raised for the first time on appeal.

**{¶19}** Appellant responds that the question of incorrect service of process can be raised on appeal because R.C. 2711.09 includes a one-year limitation period on filing for the confirmation, and failing to meet this deadline is jurisdictional. Appellant is not entirely correct. R.C. 2711.09 allows filing of an application to confirm an arbitration award "any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." As the statute uses the permissive term "may apply to the court," this has been interpreted as discretionary language rather than setting a mandatory limit on the jurisdiction of the court. "Because the statute indicates that a party 'may' apply for confirmation of the award within one year, this time period is permissive, and not a mandatory limitations period." *Temple v. Dawn Const. Co.*, 2003-Ohio-5251, ¶ 9 (8th Dist.), citing *Russo v. Chittick*, 48 Ohio App.3d 101 (8th Dist. 1998).

### B. Appellant relies on the wrong statute.

{¶20} Second, Appellee urges Appellant relied on statutory language that only applies to a motion to vacate, modify, or correct an arbitration award (R.C. 2711.13), and not to an application to confirm an arbitration award (R.C. 2711.09). Prior to the recent decision of the Supreme Court, R.C. 2711.13 had been interpreted to require service on counsel because of the following language in the statute: "as prescribed by law for service of notice of a motion in an action." This language is not found in 2711.09, which specifically requires service "upon the adverse party or his attorney" with no further limitation. There is no question that the clerk of courts sent Appellee the application for confirmation (along with a summons) by certified mail on October 16, 2023, and it was delivered on October 20, 2023. Based on the clear language of the relevant statute, alone, Appellant has no basis for concluding that service here was improper, regardless of the existing law interpreting R.C. 2711.13.

{¶21} Appellee also points out that there is a significant difference between asking the trial court to confirm an arbitration award versus a request to vacate the award. An application to confirm an award is a summary procedure that is intended to efficiently convert the award into a judgment that may be collected. Once the application to confirm has been filed, the trial court has no discretion or jurisdiction to do anything other than grant an order of confirmation and enter judgment, unless a motion to vacate was timely filed in the matter. *State ex rel. R.W. Sidley, Inc. v. Crawford*, 2003-Ohio-5101, ¶ 19; *J. Philip Davidson, DPM, Inc. v. Higgins*, 1992 WL 73590 (7th Dist. March 31, 1992). No hearing is required to confirm an arbitration award. *Brookdale Senior Living v. Johnson-Wylie*, 2011-Ohio-1243, ¶ 15 (8th Dist.).

Case No. 24 HA 0004

{¶22} A motion to vacate an award involves a completely different scenario, and must be filed within three months. As was made clear in *Ohio Patrolmen's Benevolent Assn.*, a motion to vacate an arbitration award must assert with particularity the grounds for vacating the award, must cite to the record and provide examples of why the award was erroneous, and must state the legal basis for each argument in support of vacating the award. A hearing would undoubtedly be held on the issue. We agree with Appellee that an application to confirm an arbitration award under R.C. 2711.09 has different requirements than a motion to vacate, and Appellant did not challenge the form of the application to confirm until its supplemental brief on appeal, therefore waiving any arguments as to form.

C. Appellant's interpretation of R.C. 2711.05 is incorrect.

{¶23} Third, Appellee argues that Appellant raises yet another new argument on appeal that was not raised to the trial court. Appellant asserts for the first time that R.C. 2711.05 requires any application to the court of common pleas regarding arbitration awards must be made "in the manner provided for by law for the making and hearing of motions . . ." Under Appellant's interpretation, this means that the Rules of Civil Procedure governing motions must apply even to an application to confirm the award despite its clear statutory language as to service, and that Appellee was required to serve the application solely on Appellant's counsel. This argument obviously ignores or rejects the holding of *Ohio Patrolmen's Benevolent Assn*.

{¶24} Appellee argues that R.C. 2711.05 defaults to the Rules of Civil Procedure requirements only if there is no express provision in the specific arbitration statute at issue. R.C. 2711.09 provides that service is to be made on "the adverse party or his

attorney." Since this is an express provision within the arbitration statute, it applies to override the general provisions contained in the Rules of Civil Procedure, and service was proper, here. *Ohio Patrolmen's Benevolent Assn.* contains essentially this same reasoning. *Id.* at ¶ 17.

### Appellant's Supplemental Assignments of Error

**{¶25}** Following completion of the briefing in this case, both parties recognized that the case of *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651, decided on July 16, 2024, filed after briefs were completed, would likely have an impact on this appeal. They requested to file supplemental briefs. We allowed the parties to add ten pages to their original brief to address the impact of *Ohio Patrolmen's Benevolent Assn.* Instead, Appellant raised two completely new assignments of error and arguments. As the specific and sole purpose of supplemental briefing in this matter was to address the parties' original stance following release of relevant Supreme Court caselaw, these new unrelated assignments were raised improperly. "Supplemental briefing was for the purpose of addressing the ramifications of the Supreme Court's decision, not an opportunity to raise new theories." *Union Local School Dist., Bd. of Education v. Grae-Con Construction, Inc.*, 2019-Ohio-4877, ¶ 28 (7th Dist.).

**{¶26}** In Appellee's supplemental brief, it argues that *Ohio Patrolmen's Benevolent Assn.* completely answers the primary question raised by Appellant in this appeal: does R.C. 2711.09 allow service of an application to confirm an arbitration award on either the opposing party or that party's counsel, or must it be served on counsel? Although *Ohio Patrolmen's Benevolent Assn.* dealt with R.C. 2711.13 rather than 2711.09, both statutes contain the same permissive language that service may be made

on the party or their counsel. R.C. 2711.13 also includes language that service must be made "as prescribed by law for service of notice of a motion in an action." *Ohio Patrolmen's Benevolent Assn.* found there was a contradiction between the choice in R.C. 2711.13 to serve the adverse party or counsel, and the requirement to follow the Rules of Civil Procedure. The court held that the special statutory proceeding procedure prevailed. *Id.* at ¶ 16. It is clear that if the Ohio Supreme Court allowed service to either the party or counsel based on R.C. 2711.13 (which also contained a contradictory reference to the Rules of Civil Procedure), the same conclusion must apply to R.C. 2711.09, which does not contain this reference.

{¶27} The Ohio Supreme Court case involved a labor dispute between a union, Ohio Patrolmen's Benevolent Assn., and the City of Cleveland. The dispute was decided in arbitration and the union lost. The City of Cleveland was represented by outside counsel in the arbitration proceedings. The city filed an application to confirm the award, however, the union sought to vacate the award pursuant to R.C. 2711.13. The union filed an application to vacate with the court of common pleas within the statutory timeline, and service was made on the city's law department, but not on the outside counsel. The city sought dismissal of the application to vacate because of the failure to serve its outside counsel, and because the form of the application was improper, as it should have been in the form of a motion as required by the statute. The trial court accepted the application as being in the correct form, but dismissed it for improper service. The court then granted the application to confirm.

{¶28} The case was appealed to the Eighth District Court of Appeals. The Eighth District held that the application to vacate was filed in an improper form and should have

been styled as a motion, and also held that it was not served properly. *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2022-Ohio-1403, ¶ 17 (8th Dist.). The Ohio Supreme Court decided to examine both questions raised by the court of appeals.

**{¶29}** The Court held that the procedure for vacating an arbitration award is found in R.C. 2711.13, which specifically allows for service of the motion to vacate to be made either on the party or the party's counsel. The City argued, relying on the *Cox* case cited earlier, that the Rules of Civil Procedure must be followed regardless of the statutory language because of the additional provision in the statute deferring to the civil rules: "as prescribed by law for service of notice of a motion in an action." *Ohio Patrolmen's Benevolent Assn.* at ¶ 13. The Supreme Court rejected the *Cox* holding as dicta, because the question in *Cox* had nothing to do with which party had to be served notice, but rather, the timing of the notice. *Id.* at ¶ 14. It held that there was a possible contradiction between Civ.R. 5, R.C. 2711.05, and R.C. 2711.13 as to which entity should be served. Normally, the civil rules would apply to such a contradiction, but the civil rules do not apply to special statutory proceedings in which the statute renders the civil rule clearly inapplicable. *Id.* at 15; Civ.R. 1(C). Since the arbitration statute is a special statutory proceeding and has its own express service requirements, the statute prevails, and service may appropriately be made either to the party or to counsel. *Id.* at ¶ 19.

**{¶30}** It is apparent that the holding of *Ohio Patrolmen's Benevolent Assn.* completely negates Appellant's sole original argument on appeal. In its supplemental brief filed after release of this case, it abandoned its original assignment of error and raised two new assignments. The first new argument is that R.C. 2711.09 must be interpreted literally with respect to its requirement that service of the application for

confirmation occur "five days before the hearing thereof."   Appellant contends that this language means that service must be made on the party's counsel exactly five days before the hearing.  Appellant tries to relate this argument to *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, but there appears to be no connection.

{¶31}  Appellee responds that Appellant's argument is waived, as it was not raised at the trial court level or in the original brief.  In addition, Appellee claims this argument is patently absurd.  Hearing schedules can be changed, continued, or started and adjourned to another day, making the calculation of the fifth day before a hearing a moving target.  Further, one cannot be sure of the exact date service will be made, particularly if done by certified mail.  Appellant's interpretation changes the text of the statute to mean "the fifth day before the hearing thereof," which is completely different than "five days before the hearing."  We agree the five-day requirement in R.C. 2711.09 means that service must be made *at least* five days before the hearing on the application, rather than on exactly the fifth day before the hearing, and cannot reasonably mean anything else.  *See, e.g.*, *BST Ohio Corp. v. Wolgang*, 2021-Ohio-1785, ¶ 31 ("R.C. 2711.09 contemplates a minimum of five days' notice before a hearing on an application to confirm an arbitration award.").

{¶32} Appellant's second new argument is that Appellee's application for confirmation was not made in the form of a motion.  Instead, it was filed in the form of a pleading.  *Ohio Patrolmen's Benevolent Assn.* did review whether a motion to vacate an arbitration award, again, a different proceeding than the matter at issue, should have been filed as a motion rather than as a pleading.  This issue was clearly raised at the trial court

level in *Ohio Patrolmen's Benevolent Assn.* and throughout the appeal. *Id.* at ¶ 4. Once again, as Appellant did not raise this matter until its supplemental brief, it is waived.

**{¶33}** Even so, the fact that Appellee's application was filed in the proper form as an application has not been in dispute in this case. R.C. 2711.09 requires that an application to confirm an arbitration award be in the form of an application, not a motion. Appellant did not raise at the February 15, 2024 hearing, or in any document filed with the trial court, even an implication that the form of the application for confirmation was somehow improper. The form of the application for confirmation is not under review in this appeal. It is also clear that *Ohio Patrolmen's Benevolent Assn.* has no bearing on this issue, as that case dealt with a motion to vacate an award rather than an application to confirm an award.

**{¶34}** The main problem with raising these matters for the first time on appeal is that none of this was able to be tested, and perhaps corrected, at the trial court level. Further, these new issues were raised after briefing in this matter was complete. While we allowed supplemental filings to address a recent Ohio Supreme Court decision, we did not grant the parties leave to completely disregard their earlier arguments and start the process anew.

**{¶35}** Appellee is correct that Appellant appears to have abandoned its original assignment of error, apparently in light of the holding of *Ohio Patrolmen's Benevolent Assn.* The new assignments of error raised in its supplemental filing are overruled because they have been waived. Regardless, these have no merit based on the law and facts in this matter. Appellant's original argument is likewise without merit. Appellant's assignments of error are overruled and the trial court's decision is affirmed.

Case No. 24 HA 0004

Conclusion

**{¶36}** Appellant argues that the trial court improperly confirmed the arbitration award because Appellee failed to follow the notice and service requirements of R.C. 2711.09. Appellant believes that the application for confirmation should have been served on its counsel rather than directly on its corporate statutory agent. Appellant failed to raise this matter with the trial court, and therefore, it is waived on appeal. Even so, R.C. 2711.09 does not require the application to be served on counsel, but allows notice to be served either on a party's attorney or on the party directly. The case law Appellant relied on is outdated and was rejected by the recent decision in *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651, dealing with a similar issue. Appellant filed two supplemental assignments of error, but these are likewise overruled because the arguments were not made at the trial court level, nor were they raised in Appellant's brief on appeal. Regardless, these arguments are not supported by the record or by law. All of Appellant's assignments are overruled and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

———————————————

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**